IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARUNEE RYLES, | No. C 04-5326 SBA |
| Plaintiff, | |
| v. | **ORDER** |
| PALACE HOTEL et al., | |
| Defendants. | |

This matter comes before the Court on Defendant's Motion to Enforce Settlement Agreement. The Court issued an Order denying the Motion on October 4, 2006. On October 11, 2006, Defendant filed a Reply Brief in support of the Motion. The Court construed this as a Motion for Reconsideration of the Order, and ordered Plaintiff to file a response. The Court also granted Defendant's ex parte application to file a reply brief in support the Motion for Reconsideration.

Ordinarily, reconsideration is appropriate if the Court is "(1) presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County, Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).[1] "There may also be other, highly unusual, circumstances warranting reconsideration." *Id.* Because the Court erred in denying Defendant's Motion to Enforce Settlement Agreement before the due date for Defendant's reply brief, the Court will entertain Defendant's arguments and reconsider its previous Order. Having considered both

---

[1] This standard has been applied to Motions for Reconsideration under Federal Rule of Civil Procedure 59(e), which applies when judgment has been entered. No judgment has been entered in this case. However, this District's Local Rules make clear that a similar standard applies in motions for reconsideration of interlocutory orders. See Civ. L.R. 7-9(b) (providing that leave to file a motion for reconsideration will be granted only if the moving party shows that: (1) a material difference of fact or law exists from that which was presented to the Court before entry of the interlocutory order which was not known by the moving party in the exercise of reasonable diligence; (2) the emergence of new material facts or change of law; (3) a manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order).

parties' filings, the Court DENIES the Motion for Reconsideration.

## **ANALYSIS**

Defendant argues persuasively that both federal law and California law should have been applied to determine the enforceability of the settlement agreement. *See United Commercial Ins. Service, Inc. v. Paymaster Corp.*, 962 F.2d 853, 856 (9th Cir. 1992) (holding that "the construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally," even if the underlying claim is federal) (citations omitted). *Compare Stroman v. West Coast Grocery Co.*, 884 F.2d 458, 461 (9th Cir. 1989) (holding that enforceability of a release of claims under Title VII is governed by federal law). *See also Aikins v. Tosco Refining Co., Inc.*, 1999 WL 179686 (N.D. Cal. March 26, 1999) (applying both the *Stroman* test for enforceability of a release and California contract law).

However, applying California contract law in addition to federal law does not change the Court's resolution of Defendant's Motion to Enforce Settlement Agreement.

Defendant argues that Plaintiff has not established duress under federal law, relying on *Aikins*. There, the court stated that economic duress consists of "(1) sufficiently coercive action (2) against a reasonably prudent person in plaintiff's economic position who has no reasonable alternative but to succumb to the coercion; (3) the offender is aware of this economic vulnerability; and (4) the coercion actually causes the person to endorse a release." *Aikins*, 1999 WL 179686 at *3. Although Plaintiff's counsel, Stanley Hilton, allegedly told her that she would have to pay $10,000 and would lose her home if she did not settle the case, according to Defendant, Plaintiff was not under economic duress because she owns three homes. Defendant contends that financial pressure alone does not constitute duress and cannot justify rescission of the agreement, citing several out-of-circuit district court cases.

Further, Defendant argues that Plaintiff has not established duress under California law because the alleged duress was exercised by Plaintiff's lawyer, not by Defendant. Under California Civil Code section 1689(b)(1), a contract may be rescinded if the party's consent was obtained through duress "exercised by or with the connivance of the party as to whom he rescinds, or of any other party to the contract jointly interested with such party." Plaintiff has not shown that any

pressure to settle was applied by Defendant or Defendant's agents. She argues that Defendant "must have been aware, through its attorney of record" of her allegations against her attorney. Opposition at 7. Even assuming that Defendant was aware of Hilton's conduct, that does not mean that the alleged duress was exercised "with the connivance of" Defendant. There is absolutely no evidence that Defendant encouraged Hilton to pressure or threaten Ryles to settle.

Plaintiff contends that she was subject to economic duress because although she owns three homes, she has struggled financially and refinanced several times within the past two years. The Court is not persuaded that Plaintiff had "no reasonable alternative but to succumb" to her attorney's pressure based on these facts. *Johnson v. International Business Machines Corp.*, 891 F. Supp. 522, 528 (N.D. Cal. 1995). Plaintiff has not shown that she was faced with bankruptcy or financial ruin. Although Plaintiff's assertion that a reasonably prudent person in her position would not want to lose her home is certainly true, it is insufficient. Plaintiff has not established economic duress under state or federal law.

However, it is clear that the Court must also apply the *Stroman* test to this settlement agreement, as discussed in the previous Order. *Stroman* asks whether an agreement to settle Title VII claims was "voluntary, deliberate, and informed;" one aspect of this inquiry is whether the agreement was executed in a "noncoercive atmosphere." *Stroman v. West Coast Grocery Co.*, 884 F.2d 458, 462 (9th Cir. 1989). Defendant argues that the facts and authorities establishing that Plaintiff was not subjected to duress also show that the atmosphere in which the agreement was executed was noncoercive. Motion for Reconsideration at 7. However, Defendant cites no authority for the proposition that the absence of duress is equivalent to the absence of coercion.

According to Plaintiff, coercion is not necessarily the same as economic duress; "aside from the threat of losing her home, Plaintiff Ryles also alleged that her attorney threatened to withdraw from the case and made a number of misleading representations about her how [sic] case would be treated by the court, including the judge, if she proceeded with it." Opposition to Defendant's Motion for Reconsideration at 3. Plaintiff argues that her attorney abused her "emotional susceptibility and vulnerability and this is a factor which indicates a coercive atmosphere."

3

1 Opposition at 4.[2] Ryles was apparently suffering from depression and anxiety at the time the
2 settlement discussions took place and when she ultimately signed the agreement.

3 There are no published decisions by the Ninth Circuit explaining what constitutes a
4 "noncoercive atmosphere," and other courts in this District have not ruled on the issue either. This
5 Court finds that the facts of this case, in their entirety, support the conclusion that there was a
6 coercive atmosphere around the execution of this agreement. No single fact is dispositive, but the
7 fact that Plaintiff was told that she must settle because this Court is unsympathetic to employment
8 plaintiffs is certainly compelling. The Court agrees with Defendant that attorneys may properly
9 inform clients that they have a poor likelihood of success on the merits, but Plaintiff declares under
10 penalty of perjury that Hilton told her that this Court would "never even look twice" at her case.
11 Where Plaintiff was misled about whether she would be given a fair hearing, <u>and</u> threatened with the
12 loss of her home and other serious financial consequences, this Court cannot conclude that the
13 atmosphere was noncoercive. Defendant's frustration is understandable, given that a good deal of
14 effort went into reaching this settlement. However, the Court is obligated to examine the
15 circumstances surrounding execution of this agreement more closely than it would an ordinary
16 contract. *See Stroman*, 884 F.2d at 460-61 (noting that, although public policy favors settlement,
17 courts must "closely scrutinize" releases of claims under Title VII). Whether to enforce a settlement
18 agreement is within the discretion of the Court, *see Doi v. Halekulani Corp.*, 276 F.3d 1131, 1136
19 (9th Cir. 2002) (holding that a district court's enforcement of a settlement agreement is reviewed for
20 abuse of discretion). This Court declines to exercise its discretion to enforce a settlement agreement
21 procured by the improper behavior of an attorney.

22 Finally, Defendant argues that Plaintiff should be bound because she entered into an oral
23 contract before any of the alleged improper acts by her attorney. It does appear that the parties

---

[2]To support her assertion that her attorney's conduct was coercive, Plaintiff submits a video re-enactment. Defendant objects to this re-enactment, arguing that it constitutes inadmissible hearsay and contains irrelevant information. It also constitutes improper speculation and conclusion without evidentiary support, and it is prejudicial and "an improper attempt to elicit sympathy for Plaintiff." Evidentiary Objections to Exhibit A to Declaration of Melanie D. Popper at 1-2. The Court has considered the re-enactment only as an expression of Plaintiff's point of view, not as the truth of what occurred between her and the attorney. The Court gives very little evidentiary weight to the re-enactment.

reached an agreement as to the amount of the settlement in the mediation session, and under California law, oral contracts are binding (unless a written contract is required by statute). Cal. Civ. Code § 1622. However, not all material terms of the settlement were agreed upon: the parties continued to engage in discussions regarding various terms, and Defendant rejected the version of the settlement first signed by Plaintiff, which contained strike-outs. Defendant's assertion that "the only items that Plaintiff deleted from that draft were non-material" seems somewhat disingenuous in light of that fact. Among the items lined-out by Plaintiff were a portion of the non-admission clause stating that Defendant continued to deny that it or its employees acted inappropriately, a provision for liquidated damages for breach of the confidentiality agreement, and an attorneys' fees provision. These are important terms of the agreement; the amount of money exchanged is not the only material term. *See Lindsay v. Lewandowski*, 139 Cal. App. 4th 1618, 1622 (Ct. App. 2006) ("A settlement agreement, like any other contract, is unenforceable if the parties fail to agree on a material term or if a material term is not certain."). *See also Inamed Corp. v. Kuzmak*, 275 F. Supp. 2d 1100, 1128 (C.D. Cal. 2002) (holding that parties had not agreed to a material term where details of the release of claims were unclear). Thus, the Court rejects Defendant's argument that Plaintiff entered into an oral contract.

Based on the foregoing, IT IS HEREBY ORDERED THAT Defendant's Motion for Reconsideration is DENIED, and Defendant's Motion to Enforce Settlement Agreement is DENIED.

IT IS SO ORDERED.

Dated: 10/27/06

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

5